**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br> VS.<br><br>D-4 ARONZO S. JOHNSON,<br><br>  Defendant.<br>_____/ | No. 08-CR-20384<br><br>DISTRICT JUDGE VICTORIA A. ROBERTS<br><br>MAGISTRATE JUDGE MONA K. MAJZOUB |

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER
### AND
### GRANTING THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME

This criminal matter comes before the Court on Defendant Aronzo S. Johnson's Motion to Sever filed on March 5, 2009.  (Docket no. 55).  The Government responded by filing its Response brief on April 7, 2009, along with a Motion for Extension of Time to file its Response.  (Docket nos. 62, 63).  Defendant's Motion to Sever was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 60).  These motions are now ready for ruling.

The Government's Motion for Extension of Time is not opposed by Defendant's counsel.  (Docket no. 62 at 2).  The Court will therefore grant the requested extension of time.

Defendant is charged in Count 48 of the 54 count Indictment in this case.  (Docket no. 7).  Count 48 charges Defendant with making a false statement to an FBI agent in violation of 18 U.S.C. § 1001(a)(2).  (*Id*.).  Defendant allegedly made the false statement that she had met Defendant Jonathone Johnson through someone by the name of Charles Harvey, when in fact Defendant knew that she had not met Defendant Jonathone Johnson through Charles Harvey.  Count 48 also charges

Defendant Jonathone Johnson with aiding and abetting this offense by encouraging Defendant Aronzo Johnson to tell federal law enforcement authorities that someone by the name of Charles Harvey was involved in the mortgage fraud (which is alleged in the remaining counts of the Indictment) which Defendant Jonathone Johnson knew was false.  (*Id*.).

Defendant's Motion for Severance is filed pursuant to Fed. R. Crim. P. 8(b) and 14(a). (Docket no. 55).  Rule 8(b) addresses the joinder of defendants and allows 2 or more defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Defendant does not seriously argue that her joinder in the indictment was error.  (Docket no. 55). There is a sufficient nexus between Defendant Aronzo Johnson and the other Defendants because they are all alleged to have been connected to the mortgage fraud scheme outlined in the indictment. The Government does not dispute that Defendant Aronzo Johnson is among the least culpable of the six indicted Defendants.  (Docket no. 63 at 5).  However, joinder was proper because she allegedly played a role in the attempted cover-up of the scheme.

Even if joinder is proper under Rule 8(b), a court may still order separate trials under Fed. R. Crim. P. 14(a).  Rule 14(a) allows severance if joinder "appears to prejudice a defendant or the government."  "There is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  The defendant moving to sever has the "heavy burden of showing specific and compelling prejudice."  *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993).  The fact that proof may be greater against a co-defendant is not a valid reason to sever.  *Id*.; *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992).

The Court therefore starts with the presumption that Defendant should be tried with her co-defendants because they were properly indicted together. *See Zafiro*, 506 U.S. at 537. Defendant argues that she will be prejudiced in a joint trial because "impermissible spillover" might prevent her from obtaining a fair trial. (Docket no. 55 at 2). Defendant contends that she is only marginally involved in the complex allegations against her co-defendants, and the jury "will likely become hopelessly confused and [be] unable to focus solely upon the charges against Defendant Johnson, thus prejudicing her right to a fair trial." (*Id*. at 3).

Defendant cites several cases in an attempt to support her arguments. However, because of differing facts those cases fail to support her contention that she should be tried separately. In *United States v. McLain*, 823 F.2d 1457, 1467 (11th Cir. 1987), the moving defendant was charged with loan sharking and bookmaking and was prejudiced by the evidence of a gory murder plot in a drug conspiracy in which the defendant was not involved. In *United States v. Lane*, 584 F.2d 60, 66 (5th Cir. 1978), the court found that evidence of each defendant's guilt in isolation might not have been sufficient to produce a conviction and that the culmination of similar evidence of each defendants' alleged narcotics transactions and connections may have tipped the scales in favor of the government. In *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995), the defendant was prejudiced due to the highly inflammatory evidence of his bad character which would not have been admissible in a separate trial. In *United States v. Sampol*, 636 F.2d 621, 647 (D.C. Cir. 1980), the defendant was prejudiced by being tried alongside two men on trial for the bombing murder of two people while the defendant was not charged with these crimes. Finally, in *United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 1991), the defendant was prejudiced by the introduction of evidence on unrelated tax evasion charges including a tax return of his co-defendant (who was being

3

tried in absentia) stating that his income was derived in part from "narcotics," and defendant was charged with narcotics violations.

Defendant Johnson fails to cite similar examples of specific and compelling prejudice if she is tried along with her co-defendants. This is a fairly straightforward mortgage fraud case judging from the indictment. There are no allegations that the evidence will include any acts of violence by which the emotions of a jury would be inflamed. The evidence presented against her co-defendants on the details of the mortgage fraud is not likely to confuse the jury on the discrete question of whether Defendant Johnson lied to a federal agent. Moreover, as the Government argues, even in a separate trial some evidence of the mortgage fraud would be necessary to put in context the charges against Defendant. (Docket no. 63 at 5). Accordingly, Defendant has failed to show that severance is necessary under either Fed. R. Crim. P. 8(b) or 14(a).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Severance (docket no. 55) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time (docket no. 62) is **GRANTED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 15, 2009                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 15, 2009                    s/ Lisa C. Bartlett
                                         Courtroom Deputy